UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Rebecca C. Robinson et al,

    Plaintiffs,

v.

Bank of America, N.A. et al,

    Defendants,

Civ. No. 11-2284 (MJD/LIB)

**REPORT AND RECOMMENDATION**

---

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(A), upon Defendants'[1] motion for attorney fees. For the reasons outlined below, the Court recommends that Defendants' motion be granted in part and denied in part.

The background of this case was fully explained in the undersigned's prior Report and Recommendation (Docket No. 59), and the Court incorporates those facts here by reference. In his Memorandum Opinion and Order (Docket No. 78), the Honorable Michael J. Davis adopted the Report and Recommendation, granted Defendants' motion to dismiss all claims against all Defendants, denied Plaintiffs' motion to remand the matter to state court, and granted Defendants' motion for Rule 41(d) attorneys' fees, subject to a hearing to determine the amount of fees to be awarded under Rule 41(d). A hearing on the motion was held on October 18, 2012

---

[1] The only Defendants who have brought the present motion, and who thus are entitled to any attorneys' fees, are Bank of America, N.A., BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., U.S. Bank, N.A., Wells Fargo, N.A., Federal National Mortgage Association, and The Bank of New York Mellon. Defendant Peterson, Fram & Bergman, P.A. has not sought any fees pursuant to Rule 41(d) and the Court does not recommend that any fees be awarded to it.

1

for the limited purpose of determining the amount of fees that Defendants may recover pursuant to their Rule 41(d) motion.

    I.       **STANDARD OF REVIEW**

Because the Court has already found that an award of attorneys' fees pursuant to Rule 41(d) is appropriate and recoverable in this case, the Court's discussion below of authority regarding Rule 41(d) is merely in regard to the **scope** of attorneys' fees recoverable in this case.

Federal Rule of Civil Procedure 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Under the rule, "the moving party need only establish that: (1) a plaintiff's previous action was dismissed; (2) a second action was commenced that is based upon or includes the same claim against the same defendant; and (3) there are costs and attorneys' fees incurred by the defendant in the prior action that will not be useful in the newly-filed litigation." Siepel v. Bank of America, N.A., 239 F.R.D. 558, 563 (E.D. Mo. 2006) (the Honorable Paul A. Magnuson sitting by assignment). At issue before the Court now is only the third element of Defendants' burden: whether there were attorneys' fees incurred in the prior Larsen[2] action that are not useful in the present Robinson[3] matter. As previously explained in the Court's prior Report and Recommendation, it is Defendants' burden to establish the specific costs that they incurred in the Larsen action that are not useful in the present case.

---

[2] In referring to Larsen, the Court refers to Larsen et al v. Bank of America, N.A. et al, No. 11-1775 (MJD/JSM) (D. Minn. July 27, 2011).
[3] In referring to Robinson, the Court refers to the present case now before the Court.

## II. DISCUSSION

Defendants' counsels Thomas M. Hefferon and Mark Schroeder have each submitted to the Court an affidavit in support of Defendants' motion for fees pursuant to Rule 41(d) providing the specific attorneys who have worked on the Larsen and Robinson matters, the time they spent on each matter along with a description of their activity, the title of each attorney, and the hourly billing rate for each attorney for the two cases. (See Docket Nos. 82 and 83). At the request of the Court, Defendants submitted a supplemental submission simply reorganizing the tabled entries to specifically fall within the categories outlined by the Court at the hearing. (See Docket No. 88). The supplemental submission includes no new entries whatsoever and was merely a simpler way for the Court to address the numerous time entries requested by Defendants.

Before addressing the amount of time spent in the Larsen matter that is not useful in the present Robinson matter, the Court first addresses the question of whether the billing rates for each of the attorneys that performed work in both cases is reasonable. See Briggs v. Wal-Mart Stores East, LP, 2008 WL 3890549, at *2 (E.D. Mo. Aug. 18, 2008) ("Rule 41(d) authorizes a court to order a plaintiff to pay the defendant's cost and **reasonable** attorney's fees from a previously dismissed action that is re-filed." (emphasis added)). "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001); City of Shorewood v. Johnson, No. 11-374 (JRT/JSM), 2012 WL 695982, at *10 (D. Minn. Jan. 12, 2012). The hourly billing rates should be "in keeping with the prevailing market rate in the relevant legal community for similar services provided by lawyers of comparable skill, experience, and reputation." Windsor Craft Sales, LLC v. VICEM Yat Sanayi ve Ticaret AS, No. 10-297 (ADM/JJG), 2012 WL 3776462, at *10 (D. Minn. Aug. 30, 2012).

Defendants provide the following hourly billing rates for each of the attorneys that worked on each case:

| Attorney | Title/Experience | Hourly Billing Rate |
| --- | --- | --- |
| Thomas M. Hefferon, Esq. | Senior Partner | $325.00 |
| James McGarry, Esq. | Senior Partner | $325.00 |
| Maria Green. Esq. | Senior Associate | $275.00 |
| W. Kyle Tayman, Esq. | Mid-Level Associate | $250.00 |
| Jared Kaprove, Esq. | Junior Associate | $195.00 |
| Timothy DeBeer, Esq. | Junior Associate | $195.00 |
| Mark G. Schroeder, Esq. | Shareholder/Partner | $325.00 |
| Molly B. Thornton, Esq. | Shareholder/Partner | $300.00 |

Plaintiffs made no objection or argument at all regarding the hourly billing rates provided by Defendants. This Court has recently found the above billing rates reasonable in similar cases involving similar claims, and some of the same attorneys. See Blaylock v. Wells Fargo Bank, N.A., No. 12-693 (ADM/LIB), 2012 WL 3611918, at *2-3 (D. Minn. Aug. 21, 2012); Murphy v. Aurora Loan Servs., LLC, 859 F. Supp.2d 1016, 1024-26 (D. Minn. May 4, 2012). The Court here likewise finds that the rates noted above for all of the attorneys are commensurate with the ordinary rates for similar work in the community performed by lawyers of comparable skill and experience.

As to the amount of time spent on the various activities for which fees are requested, Defendants attorneys' fee requests fall within five distinct categories: 1) fees incurred in analyzing the Larsen complaint; 2) fees incurred in removing the Larsen matter to federal court; 3) fees incurred in opposing Plaintiffs' motion to remand in Larsen; 4) miscellaneous fees; and

5) fees incurred in bringing the Rule 41(d) motion in the present case.[4] The Court addresses each category individually below.

### 1. Fees incurred in analyzing the Larsen complaint

For time spent analyzing the Larsen complaint, Defendants request the following fees:

| Billing Entry | Billing Individual | Time | Amount | Billing Description |
|---|---|---|---|---|
| 1 | Maria Green | 1.00 | $275.00 | Analyze background case documents (0.8); confer with Mr. Tayman concerning case strategy and next steps (0.2). |
| 2 | W. Kyle Tayman | 0.20 | $50.00 | Confer with Mr. Kaprove regarding complaint background and case summary. |
| 3 | Maria Green | 0.90 | $247.50 | Confer with internal case team concerning status of case and individual plaintiff's loan files (0.5); analyze Plaintiffs' claims and potential responses (0.4) |
| 4 | Thomas Hefferon | 1.00 | $325.00 | Review amendment to complaint and TRO (0.6); e-mails regarding next steps (0.4). |
| 5 | Kaprove, Jared | 0.80 | $156.00 | Review amended complaint for new plaintiffs. |
| Total | | 3.90 | $1,053.50 | |

| Billing Entry | Billing Individual | Time | Amount | Billing Description |
|---|---|---|---|---|
| 6 | Schroeder, Mark G. | 0.80 | $260.00 | Review amended complaint and plaintiff's TRO papers, and e-mails with Goodwin Procter regarding same. |
| Total | | 0.80 | $260.00 | |

Defendants assert that time spent on these activities was not useful in the present case because "[a]lthough the Larsen and Robinson complaints are similar, [they] were still required to read, analyze the factual and legal allegations, and strategize about a response for both complaints." (Decl. of Thomas M. Hefferon [Docket No. 82] at 4).

In their written submission to the Court, Plaintiffs provided no specific objection to an award for these billing entries with the exception of Plaintiffs argument that entry 6 was improper, because there were "no TROs . . . filed in the Lars[e]n case." (Mem. in Opp'n to Mot.

---

[4] The Court notes that in referring to bringing the motion itself, Defendants' request pertains only to the motion heard by the Court on April 12, 2012, addressing whether Defendants may recover any attorneys' fees in this case under Rule 41(d); Defendants do not request any fees incurred in addressing the present motion before the Court regarding the amount of fees that should be awarded.

to Recover Fees [Docket No. 86] at 3).[5] At the hearing, Plaintiffs argued that the only fees Defendants are entitled to are those related to the federal question analysis, discussed more fully below.[6]

Although the complaints in the Larsen and Robinson matters were indeed very similar, as previously explained in the Court's prior Report and Recommendation, some of the time spent reviewing the initial Larsen matter is simply not useful to Defendants in the Robinson matter. Even if the complaints had been identical, there would have been some time spent reviewing the filings in Larsen that would have inevitably also been done again in Robinson. In other words, the initial review of the Larsen materials in no way alleviated Defendants of the burden or

---

[5] Plaintiffs' initial memorandum in opposition to Defendants' motion appeared to be an identical copy of the memorandum in opposition submitted in a related case on a Rule 41(d) motion that was to be heard by the Court on the same day. At the hearing, Plaintiffs' counsel represented that based on a clerical error the wrong memorandum had been filed. The Court permitted Plaintiffs to file the originally-drafted memorandum in opposition by 4:00 p.m. on the date of the hearing. As such, the Court considers the memorandum in opposition filed shortly after the hearing (Docket No. 86) and not the mistakenly-filed memorandum in opposition (Docket No. 85).

[6] The Court is displeased with the shifting sands strategy employed by Plaintiffs' counsel throughout the course of this litigation that has made nearly every issue in this case unnecessarily convoluted and complicated and has expended the Court's limited resources needlessly. Plaintiffs' written submission to the Court as to which fees they disputed, and the basis for any such dispute, was much more limited in scope than that argued at the hearing before the Court. Indeed, in the written submission, it appeared that Plaintiffs only challenged an award of fees as to time spent on the Rule 41(d) motion filed in the present case and asked for a general reduction in the amount requested for time spent on issues related to the removal of the Larsen matter. (See Mem. in Opp'n to Mot. to Recover Fees at 2-3). Generally, any issues not raised in the written submissions to the Court are considered waived. See e.g., United States v. Peacock, 256 Fed. Appx. 9 (8th Cir. 2007) ("an argument not raised in an opening brief is considered waived."); United States v. Darden, 70 F.3d 1507, 1549 n. 18 (8th Cir. 1995) (explaining that parties "generally must raise and brief all issues in their opening brief."). Not only did Plaintiffs fail to delineate item by item which time entries they believed were not useful, which had been provided in table format by Defendants allocating which fees were incurred in the Larsen matter and which were incurred in the Robinson matter, they failed to even provide an argument for what categories of the fees should be excluded, aside from the two categories noted above. While it was also unclear to the Court exactly which time entries fell within each category requested by Defendants, and the Court ordered a supplemental filing to be made, the categories of fees that Defendants sought were specifically stated in Defendants' initial submission such that Plaintiffs would have been capable of making an argument on whether Defendants were entitled to that specific category of fees.

Although the Court might read pro se filings more liberally, there is no such general outlook on parties represented by legal counsel. Therefore, the Court could have very well found that Plaintiffs had waived any opportunity to challenge the fees that they did not dispute in their written submission. If the Court had struck the hearing on the motion and taken the matter under advisement on the parties' written submissions, as would have been well within its discretion, it would have afforded no opportunity for Plaintiffs to make any additional objections to fees other than those listed in the written submission. Nevertheless, the Court will not simply rubber stamp the fees requested by Defendants and fully considers whether Defendants are entitled to the amounts of fees requested for all categories.

6

responsibility, (nor did it help them in any material way) to read the filings in the Robinson matter and determine whether most of the claims asserted in Robinson were similar to those asserted in Larsen. Having spent time to also review and compare the lengthy Larsen and Robinson complaints, the Court appreciates that the review itself takes time. While the analysis of the Larsen complaint might have been somewhat helpful toward understanding the Robinson complaint and improving the efficiency in analyzing it, the time spent in analyzing the Larsen complaint was nonetheless not entirely useful. The minimal amount of time requested for the initial review of the Larsen matter is not an effort that would have been entirely useful for the Defendants in the Robinson matter, and the Court believes that Defendants are entitled to the full amount requested for this category of fees: $1,313.50.[7]

### 2. Fees incurred in removing Larsen to this Court

For time spent relevant to the removal of the Larsen matter to this Court, Defendants request the following fees:

| Billing Entry | Billing Individual | Time | Amount | Billing Description |
|---|---|---|---|---|
| 1 | W. Kyle Tayman | 0.20 | $50.00 | Telephone call with Ms. Green regarding response to complaint and removal of action from state court. |
| 2 | Thomas Hefferon | 0.30 | $97.50 | Conferences regarding potential federal question basis for jurisdiction. |
| 3 | W. Kyle Tayman | 0.50 | $125.00 | Meet with Ms. Green and Mr. Kaprove regarding removal. |
| 4 | Maria Green | 0.30 | $82.50 | Draft notice of removal |
| 5 | Maria Green | 0.50 | $137.50 | Confer with internal case team concerning analysis of named Plaintiffs' loan files and removal petition. |
| 6 | Kaprove, Jared | 0.30 | $58.50 | Communication with Mr. Schroeder regarding loan files. |
| 7 | Maria Green | 1.20 | $330.00 | Draft Notice of Removal. |
| 8 | Kaprove, Jared | 0.50 | $97.50 | Communication with Ms. Nakagawa regarding loan files at issue. |
| 9 | Maria Green | 1.70 | $467.50 | Draft notice of removal. |

---

[7] As to Plaintiffs' argument that there were no TROs file in the Larsen case, Plaintiffs offered no factual record whatsoever to support this argument and rebut Mr. Schroeder's sworn declaration that Defendants were billed for time related to TROs in the Larsen matter. Moreover, the exhibits filed in connection with the notice of removal in Larsen, (Docket No. 1, Exs. 7-8) evidence notice of motions and memorandums in support of those motions, signed by Plaintiffs' counsel on July 1, 2011, advising that the Larsen plaintiffs would move for a restraining order in several state court cases related to the Larsen matter. As such, on the record before the Court, it appears that Mr. Schroeder's affirmation that he billed time related to TRO issues is supported by the record.

| | | | | |
|---|---|---|---|---|
| 10 | W. Kyle Tayman | 1.50 | $375.00 | Analyze AS400 documents for plaintiffs for amount in controversy for removal declaration (0.7); draft removal declaration in support of removal (0.8). |
| 11 | Kaprove, Jared | 1.20 | $234.00 | Revise notice of removal. |
| 12 | Maria Green | 1.10 | $302.50 | Revise notice of removal (0.4); confer with internal case team concerning status of named Plaintiffs' loans and representation of parties (0.7). |
| 13 | W. Kyle Tayman | 2.60 | $650.00 | Analyze AS400 documents for plaintiffs for amount in controversy for removal declaration (0.3); draft removal declaration in support of removal (1.0); revise removal petition (0.5); draft notice of notice of removal and civil cover from for removal (0.8). |
| 14 | Kaprove, Jared | 0.40 | $78.00 | Revise declaration in support of removal. |
| 15 | Thomas Hefferon | 0.60 | $195.00 | Larsen Conference with Mr. Tayman regarding removal pleadings (0.3); e-mail with Mr. McGahan and others regarding documentation issues (0.3). |
| 16 | Maria Green | 0.50 | $137.50 | Confer with internal case team concerning removal notice and supporting declaration (0.4); circulate draft removal papers to for review and comment (0.1). |
| 17 | W. Kyle Tayman | 0.90 | $225.00 | Finalize declaration in support of removal, removal petition, and supporting papers, in preparation for removal (0.7); emails with local counsel and Mr. Hefferon regarding amended complaint and revising removal filing (0.2). |
| 18 | Thomas Hefferon | 0.40 | $130.00 | Comment on removal notice. |
| 19 | Kaprove, Jared | 1.20 | $234.00 | Communication with Mr. Gershon and Ms. Duarte regarding declaration. |
| 20 | Maria Green | 0.90 | $247.50 | Finalize removal notice and related papers. |
| 21 | W. Kyle Tayman | 3.70 | $925.00 | Revise notice of removal with federal question jurisdiction argument (1.6); revise notice of removal with comments and revisions from Mr. Hefferon (1.6); emails with local counsel regarding filing of removal papers (0.5). |
| 22 | Thomas Hefferon | 0.30 | $97.50 | Conferences regarding removal issues and TRO status. |
| 23 | Kaprove, Jared | 2.20 | $429.00 | Analyze AS400s of new plaintiffs to revise declaration (1.5); communication with Ms. Duarte regarding declaration (0.7). |
| **Total** | | **23.00** | **$5,706.00** | |

| Billing Entry | Billing Individual | Time | Amount | Billing Description |
|---|---|---|---|---|
| 24 | Schroeder, Mark G. | 0.20 | $65.00 | Draft Fannie Mae consent to removal. |
| 25 | Schroeder, Mark G. | 0.20 | $65.00 | Review draft removal papers and e-mails with Goodwin Procter regarding same. |
| 26 | Thornton, Molly B. | 3.40 | $1,020.00 | Finalize removal papers for filing. |
| 27 | Schroeder, Mark G. | 1.00 | $325.00 | Review/revise notice of removal and Duarte declaration, and e-mails and telephone call with Thornton and Green regarding same. |
| 28 | | | $672.00 | Court filing fees for removal. |
| **Total** | | **4.80** | **$2,147.00** | |

Defendants argue that none of the time spent on the activities listed above was useful in the case now before the Court because although some of the legal research done in Larsen was useful in Robinson, they were still required, in Robinson, to draft new documents and research and investigate the factual circumstances supporting removal—specifically, the amount of unpaid balances on the mortgages at issue and the diversity of each of the parties—that would be relevant to federal diversity jurisdiction. (Decl. of Thomas M. Hefferon at 4). They assert that the "Larsen removal included an argument for federal question jurisdiction on the basis of allegations regarding the federal government," which were dropped from the Robinson complaint. (Id.) They provide that the fees they are requesting are not all of the time they actually spent on the removal, that they seek only time spent on "fact-based research" regarding the status of the properties and diversities of the parties, as well as legal research regarding federal question jurisdiction. (Id. at 5).

In their written submission to the Court, Plaintiffs specifically addressed only one of the time entries requested for the removal of the Larsen matter. (Mem. in Opp'n to Mot. to Recover Fees at 2-3). The entirety of Plaintiffs' submission as to this category of fees provided that:

> Plaintiffs agree that the Defendants may have had to review the amount in controversy to confirm that this court had jurisdiction when filing the Notice of Removal in this case, they did not have to start from scratch. Indeed, a comparison of the two Notices reveals that [they] are nearly verbatim. (*Compare* ECF 1 in this case to *Larson v. Bank of America,* 11-cv-1775 MJD/JSM ECF 1). Clearly, Defendants used the same work. The only difference is that *Larson* Notice of Removal contained a section on Federal question jurisdiction, an issue that was not present in this action. Plaintiffs concede that the work and research on that issue could not be used in this matter. The charge for that portion of the work is easily determined as there is a 7/5/2011 billing entry that specifically provides that the Notice of Removal was revised "with federal question jurisdiction argument." (ECF 82 pg. 7). The charge for that revision was $925. This is the only work that was done on the Notice of Removal that could not be re-used. Plaintiffs request that the award for the Notice of Removal portion of the bill be reduced from $4,297 to $925.

9

(Mem. in Opp'n to Mot. to Recover Fees at 2-3).

As is clear from Plaintiffs' written submission, they acknowledge that fees for any time spent on the issue dealing with the federal question allegations are appropriate. Otherwise, they contend, the removal in Robinson was very similar and Defendants could re-use the work from the Larsen.

The Court agrees with Defendants that the time spent on communications relevant to removal of the Larsen matter, drafting documents relevant to the removal, and filing such documents were not completely useful in the Robinson matter. As explained above with regard to the analysis of the complaint, Defendants would have been required to perform some of these activities regardless of the similarity in the complaints and removal submissions. Nevertheless, the Court believes that the amount of time spent on drafting and revising the initial removal papers in Larsen would have served as a useful model for the removal in Robinson and, based on the similarity between the removal notices, had some beneficial impact in the removal of the Robinson matter. As such, the Court will reduce the fees requested in time entries 4-27 noted in the table above, which primarily relate to time spent drafting and revising the removal documents, by fifty percent to account for the fact that some of the drafting and revisions in Larsen would have been beneficial in drafting the Robinson removal submissions.

As to the time spent on legal research in the Larsen matter, the Court agrees with Defendants that such time entries were properly omitted, as with the exception of the issue of federal question jurisdiction, they would have been helpful in the removal of the Robinson matter. With regard to the time entries spent on "fact-based research" the Court is unpersuaded that all such factual research in Larsen was not useful in Robinson. With the exception of two plaintiffs, all other plaintiffs remained the same. And while both parties appropriately agree that

there would have been some work required to reconfirm the amounts owed on the mortgages and the diversity of the parties, having done all of that work once would have been beneficial for merely "updating" it the next time in the removal of Robinson. Because the time spent on such "fact-based research" was entered jointly in the time entries above, which the Court has already reduced by fifty percent, the Court believes that the same reduction is appropriate for the factual work done to prepare the submissions and will not reduce the fees requested any further.

In summary, with respect to fees requested for time entries related to the removal of the Larsen matter, the Court finds that Defendants are entitled to the full amount of fees requested in entry 2, which relates to the issue of federal question analysis, the 1.6 hours in entry 21 that Defendants represent they spent directly addressing the federal question analysis, and the cost in entry 28 ($1,169.50). The Court finds that Defendants are entitled to fifty percent of the amount requested in entry 1, entries 3-20, the 2.1 hours in entry 21 that don't relate to federal question analysis specifically, and entries 22-27 ($6,683.50). The adjusted amount for this category of fees then totals $4,511.25.

### 3. Fees incurred in opposing Plaintiffs' motion to remand in Larsen

For time spent relevant to the motion to remand argued in the Larsen matter, Defendants request the following fees:[8]

| Billing Entry | Billing Individual | Time | Amount | Billing Description |
| --- | --- | --- | --- | --- |
| 1 | Maria Green | 0.40 | $110.00 | Confer with Mr. Hefferon and Mr. Tayman concerning remand opposition brief. |
| 2 | W. Kyle Tayman | 1.70 | $425.00 | Meeting with Mr. Hefferon regarding opposition to motion to remand (0.3); review motion to remand action to state court (0.5); review motions for temporary restraining order, in preparation for opposition to remand (0.9). |

---

[8] As more fully explained in the Court's prior Report and Recommendation, in Larsen, Plaintiffs had filed a motion to remand the matter back to state court. After an expedited briefing schedule, ordered by the Honorable Janie S. Mayeron, and a hearing on the motion to remand, Magistrate Judge Mayeron issued a Report and Recommendation recommending that Plaintiffs' motion to remand be denied. Less than a week after Magistrate Judge Mayeron issued her Report and Recommendation, Plaintiffs filed a notice of voluntary dismissal.

| | | | | |
|---|---|---|---|---|
| 3 | Thomas Hefferon | 2.10 | $682.50 | Conferences regarding TROs (0.8); attend telephonic court hearing (0.5); follow-up conversations regarding briefing on motion to remand (0.8). |
| 4 | Maria Green | 1.10 | $302.50 | Draft opposition to motion to remand. |
| 5 | Maria Green | 5.10 | $1,402.50 | Draft opposition to motion to remand. |
| 6 | W. Kyle Tayman | 5.30 | $1,325.00 | Draft opposition to remand regarding federal question jurisdiction (2.2); research case law in support of federal question jurisdiction argument (2.8); emails with Mr. Hefferon regarding opposition to remand and federal question jurisdiction (0.3). |
| 7 | James McGarry | 0.40 | $130.00 | Review draft remand opposition for HAMP and federal jurisdiction issues (0.3); emails with Mr. Hefferon regarding remand opposition (0.1). |
| 8 | W. Kyle Tayman | 5.70 | $1,425.00 | Revise opposition to remand regarding federal question jurisdiction, with argument regarding federal cause of action (1.4); research case law in support of federal cause of action for breach of federal contract (2.8); meet with Mr. Hefferon regarding opposition to remand and federal question jurisdiction (0.3); research case law on timing to respond to complaint after removal (0.8); emails with Mr. Hefferon and Ms. Green regarding opposition to remand (0.4). |
| 9 | Maria Green | 4.80 | $1,320.00 | Revise remand opposition (2.2); conduct legal research concerning agency and nominal parties (1.8); Confer with Mr. Tayman and Mr. Kaprove concerning remand opposition (0.8). |
| 10 | Thomas Hefferon | 2.00 | $650.00 | Revise opposition to motion to remand (1.0); discuss jurisdictional issues with Mr. McGarry and Mr. Tayman (0.4); discuss timing, brief and argument issues with Mr. Schroeder (0.3); conferences with Mr. Tayman regarding extension (0.3). |
| 11 | Kaprove, Jared | 3.90 | $760.50 | Legal research regarding federal question jurisdiction for opposition to remand (1.8); review remand opposition (0.6); revise remand opposition (0.4); additional legal research regarding attorney immunity for remand opposition (1.1). |
| 12 | W. Kyle Tayman | 1.60 | $400.00 | Revise opposition to remand in preparation for filing (1.1); telephone call with Mr. Schroeder regarding timing to respond to complaint after removal (0.2); emails with Mr. Hefferon and Ms. Green regarding opposition to remand and timing to respond to complaint (0.3). |
| 13 | Kaprove, Jared | 0.60 | $117.00 | Revise remand opposition. |
| 14 | Maria Green | 2.40 | $660.00 | Finalize remand opposition. |
| 15 | W. Kyle Tayman | 0.40 | $100.00 | Analyze reply brief in support of plaintiffs' motion for remand. |
| **Total** | | **37.50** | **$9,810.00** | |

| Billing Entry | Billing Individual | Time | Amount | Billing Description |
|---|---|---|---|---|
| 16 | Schroeder, Mark G. | 0.50 | $162.50 | Review motion to remand and supporting brief. |
| 17 | Thornton, Molly B. | 2.50 | $750.00 | Conferences with M. Schroeder and T. Hefferon regarding status, communicate with Court regarding same, and participate in conference call with Court regarding status of remand motion. |

| 18 | Schroeder, Mark G. | 1.50 | $487.50 | E-mails and telephone calls with Hefferon and Thornton regarding conference call with Court on TRO motion, motion to remand, hearing/briefing on motion to remand. |
| 19 | Schroeder, Mark G. | 0.30 | $97.50 | Review court ECF filings regarding conference and hearing on motion to remand. |
| 20 | Schroeder, Mark G. | 1.00 | $325.00 | Telephone call and e-mails with Hefferon and Thornton regarding status, hearing on TRO/motion to remand, and upcoming hearing on motion to remand. |
| 21 | Schroeder, Mark G. | 1.50 | $487.50 | Review/revise opposition brief to motion to remand. |
| 22 | Thornton, Molly B. | 1.90 | $570.00 | Finalize opposition to remand for filing with Court. |
| 23 | Schroeder, Mark G. | 2.00 | $650.00 | Revise and comment upon draft brief opposing motion to remand. |
| 24 | Schroeder, Mark G. | 1.00 | $325.00 | Review briefs in connection with upcoming hearing on motion to remand. |
| 25 | Thornton, Molly B. | 0.10 | $30.00 | Discuss remand motion issues with M. Schroeder. |
| 26 | Schroeder, Mark G. | 2.00 | $650.00 | Prep for hearing on motion to remand: review cases, briefing, and outline argument. |
| 27 | Schroeder, Mark G. | 0.50 | $162.50 | Review reply brief on motion to remand and e-mails with client re: same. |
| 28 | Schroeder, Mark G. | 4.00 | $1,300.00 | Prep and appear for hearing before Magistrate Judge Mayeron and argue defendants' opposition to motion to remand. |
| 29 | Schroeder, Mark G. | 1.00 | $325.00 | Review ECF notice of report and recommendation to deny motion to remand, and review/analyze report. |
| **Total** | | **19.80** | **$6,322.50** | |

Defendants argue that the time spent on the activities listed above was not useful in the case now before the Court because although the two complaints were similar, they were not identical, and the arguments for remand were not the same. (Decl. of Thomas M. Hefferon at 5-6). They assert that the law continued to develop in the time between the Larsen remand motion hearing and the remand motion hearing in the present case, which necessitated additional argument in the present case. (Id.) They argue that Plaintiffs' additional arguments made in Robinson pertaining to prior exclusive jurisdiction and Torrens title laws also required additional work in Robinson.

Plaintiffs again offered no objection to any specific fees requested related to time spent on the motion to remand argued in Larsen. (Mem. in Opp'n to Mot. to Recover Fees at 2-3).

Undoubtedly, some of the time spent in preparing the submission for the remand in Larsen would have been useful to Defendants in preparing the motion to dismiss in Robinson

because many of the same issues remained, as demonstrated by the substantial similarities in some of the arguments in the memorandums filed in opposition to each respective motion to remand.  Compare Larsen v. Bank of America, No. 11-cv-1775, Docket No. 14 at 3-15 with Robinson v. Bank of America, 11-cv-2284, Docket No. 48 at 10-25.  However, some of the time spent would also not have been useful because, as already explained, regardless of how similar the claims were, Defendants would have been required to expend efforts to redraft the submissions in Robinson.  Defendants' additional position that they were also required to address new arguments in the Robinson remand motion is unavailing for awarding Rule 41(d) costs.  Time spent on analyzing the new arguments in the Robinson motion to remand is time that was spent in the Robinson matter, not the Larsen matter, and as more fully discussed below, the Court's inquiry is limited to efforts spent in the prior action that are not useful in the following suit.  Contrary to Defendants' argument, the new arguments presented in the motion to remand in Robinson did not require that they rewrite their submission but, instead, that they supplement it.

In summary, with respect to fees requested for time entries related to the remand motion argued in the Larsen matter, the Court finds that Defendants are entitled to the full amount of fees requested in entry 6, the 4.5 hours in entry 8, and the 1.8 hours in entry 11, all of which Defendants represent they spent directly addressing the federal question allegations ($2,801.00).  The Court finds that Defendants are entitled to fifty percent of the amount requested in entries 1-5, entry 7, the 1.2 hours in entry 8 that don't relate to federal question analysis specifically, entries 9-10, the 2.1 hours in entry 11 that don't relate to federal question analysis specifically, and entries 12-29 ($13,331.5).  The adjusted amount for this category of fees then totals $9,466.75.

14

### 4. Miscellaneous Fees incurred in Larsen

For time spent in the Larsen matter on matters other than the three categories listed above, Defendants request the following fees:

| Billing Entry | Billing Individual | Time | Amount | Billing Description |
|---|---|---|---|---|
| 1 | Thomas Hefferon | 0.40 | $130.00 | Review opinion on remand (0.3); e-mail with Mr. Miller regarding result and next steps (0.1). |
| 2 | W. Kyle Tayman | 0.50 | $125.00 | Analyze magistrate's report and recommendation finding federal jurisdiction. |
| **Total** | | **0.90** | **$255.00** | |

| Billing Entry | Billing Individual | Time | Amount | Billing Description |
|---|---|---|---|---|
| 3 | Schroeder, Mark G. | 0.30 | $97.50 | Emails with Butler, Hefferon and client concerning extension of time to answer on behalf of Bank of America defendants. |
| 4 | Schroeder, Mark G. | 0.10 | $32.50 | Email with Butler regarding Wells Fargo extension of time to answer. |
| 5 | Schroeder, Mark G. | 1.00 | $325.00 | Review Butler additional TRO papers, including affidavits and exhibits, referral order on TRO motion, and e-mails with Goodwin Procter regarding same. |
| 6 | Schroeder, Mark G. | 0.30 | $97.50 | E-mails with Butler and counsel regarding extension of time to answer. |
| 7 | Schroeder, Mark G. | 0.20 | $65.00 | Draft stipulation to extend time to answer and proposed order. |
| 8 | Schroeder, Mark G. | 0.20 | $65.00 | Revise stipulation and proposed order to extend time to answer, and e-mails with counsel regarding same. |
| 9 | Schroeder, Mark G. | 0.10 | $32.50 | E-mails with Butler regarding stipulation to extend time to answer. |
| 10 | | | $100.00 | Court fees for motion for admission pro hac vice. |
| **Total** | | **2.20** | **$815.00** | |

As noted already above, the time spent on reviewing the opinions on the motion to remand filed in Larsen would have been beneficial for Defendants in how to proceed in the Robinson matters. As such, the Court finds that Defendants are entitled to fifty percent of the fees requested in entries 1-2 ($255.00). As to entries 3-10, which relate to matters that were strictly limited to the Larsen case, the Court finds that Defendants are entitled to the full amount of fees requested ($815.00). The adjusted amount for this category of fees then totals $942.50.[9]

---

[9] Similar to the argument discussed in footnote 7 above, Plaintiffs' argue that Defendants are not entitled to any fees requested in entry 5 because no TROs were filed in the Larsen case. As already noted above, Plaintiffs offered no

### 5. Fees incurred in bringing the Rule 41(d) motion in the present case

In addition to the fees for time entries made in the Larsen matter, they request fees related to bringing the Rule 41(d) motion in the present case. They request a total of $11,590.50 for such time entries, which they acknowledge were made in the Robinson matter. (See Dec. of Thomas M. Hefferon at 9) (titling the entries as "Entries from Robinson invoices"). Nevertheless, they argue that they are entitled to such fees because "absent the Plaintiffs' dismissal and re-filing none of this work would have been performed." (Id. at 9).

Plaintiffs oppose any such award because, they argue, "Rule 41(d) is specifically limited to costs of the 'previous action.'" (Mem. in Opp'n to Mot. to Recover Fees at 3-4). They assert that while absent the dismissal of the Larsen matter the work on the Rule 41(d) motion would not have been necessary, this would be true in the context of every Rule 41(d) motion. (Id.) As such, they object to any award for time spent related to the Rule 41(d) motion filed in the present case. (Id.)

The Court agrees with Plaintiffs. Despite the numerous court opinions awarding Rule 41(d) fees, Defendants have failed to present (nor has the Court found) a single opinion specifically awarding fees incurred in bringing a Federal Rule of Civil Procedure 41(d) motion. To the contrary, the opinions in this Circuit (as well as others) that have awarded such fees strongly suggest that no such fees may be awarded. See Siepel v. Bank of America, N.A., 239 F.R.D. 558, 563 (E.D. Mo. 2006) (the Honorable Paul A. Magnuson sitting by assignment) (explaining that one of the elements a party seeking Rule 41(d) fees must show is that "there are

---

factual record whatsoever to support this argument and rebut Mr. Schroeder's sworn declaration that Defendants were billed for time related to TROs in the Larsen matter. Moreover, the exhibits filed in connection with the notice of removal in Larsen, (Docket No. 1, Exs. 7-8) evidence notice of motions and memorandums in support of those motions, signed by Plaintiffs' counsel on July 1, 2011, advising that the Larsen plaintiffs would move for a restraining order in several state court cases related to the Larsen matter. As such, on the record before the Court, it appears that Mr. Schroeder's affirmation that he billed time related to TRO issues is supported by the record.

costs and attorneys' fees incurred by the defendant **in the prior action** that will not be useful in the newly-filed litigation" (emphasis added)); Copeland v. Hussmann Corp., 462 F. Supp.2d 1012, 1024 (E.D. Mo. 2006) ("costs should only be awarded for the work done by Defendants **in the previous case** that is now useless in this case" (emphasis added)). The rule is not broad enough to encompass all fees that never would have been incurred absent the voluntary dismissal. See Graves v. Sullivan, 2007 WL 1340806, at *1 (E.D. Ark. May 7, 2007) ("[C]osts awarded under the rule are properly limited to those that will be **duplicated** as a result of a repeated defense."); Copeland, 462 F. Supp.2d at 1024 ("**Rule 41(d) is not aimed at making the Plaintiff pay for the Defendants' defense**; rather it is aimed at repaying frivolous work done by the Defendants. If the Defendants can reuse it, it is obviously not useless." (emphasis added)). This reading is entirely consistent with the plain reading of the rule itself. See Fed. R. Civ. P. 41(d) ("[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: . . . may order the plaintiff to pay **all or part of the costs of that previous action**."). The fees incurred in preparing for and bringing the Rule 41(d) motion are those necessarily incurred in the present case, not those incurred in the prior action. Therefore, even though such fees may not have been incurred absent the voluntary dismissal of the Larsen complaint, the Court finds that Defendants are not entitled to any of the requested fees for time spent on activities related to the Rule 41(d) motion filed in the present case.[10]

---

[10] At the hearing, Defendants argued that without awarding the fees incurred in bringing the Rule 41(d) motion, which may outweigh the fees recovered by bringing the Rule 41(d) motion, a party may not be inclined to pursue such a motion. Such balancing, however, is for each party to determine and weigh in each individual case. In the absence of any authority permitting such an award, and in what would appear to be contrary to the plain reading of the rule, the Court finds Defendants' argument unpersuasive.

The Court similarly finds that Defendants reliance on Kirk Capital Corp. v. Bailey, 16 F.3d 1485 (8th Cir. 1994) is misplaced. Kirk dealt with an award of Rule 11 sanctions, which as the court explained are meant "to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending." 16 F.3d at 1490. As

### III. CONCLUSION

For the foregoing reasons, the Court finds that pursuant to Rule 41(d) and this Court's July 13, 2012 Order, Defendants are entitled to an attorneys' fee award of $16,234.00.

With the exception of Plaintiffs Rebecca C. Robinson and Edward B. Hughes, who were not parties to the <u>Larsen</u> matter, Plaintiffs are equally responsible for the amount. Thus, each Plaintiff[11] is responsible for $649.36. However, because Defendants have only submitted the time entries each attorney spent within each law firm, and the Court has no information as to which time was billed to which Defendant, the Court cannot determine how much of the fees awarded should be awarded to each Defendant. Given the number of Plaintiffs that will be required to make a payment, the Court recommends a method by which each Plaintiff could simply pay their share into one collective location. As such, the Court recommends that within 10 days after the objections period to this Report and Recommendation if there are no objections, or within 10 days after a ruling has been made on any objections should they be made, Defendants be required to submit to the Court a proposed instruction as to which Defendant or Defendant's counsel the funds should be paid, who will then be responsible for making the appropriate distribution.

---

already explained by the Court in its prior Report and Recommendation, Rule 11 fees and Rule 41(d) have entirely different purposes, and the Court does not believe that <u>Kirk</u> suggests that Rule 41(d) permits an award of attorneys' fees in bringing the Rule 41(d) motion itself.

[11] The Court considers each husband and wife as one plaintiff for purposes of this award. As such, the Plaintiffs subject to the award are: 1) David B. Larsen and Bobbie Jo Larsen; 2) Victor A. Ngaling and Rebecca N. Ngaling; 3) Bernard Simpser and Renee S. Simpser; 4) Mark A. Tully; 5) Thane T. Truax and Vicki K. Truax; 6) Kenneth Britt and Lavera Britt; 7) Jerry G. Lindholm and Janelle C. Lindholm; 8) Robi J. Nash; 9) Jorge L. Cervera and Julia Cervera; 10) Brad A. Cartier; 11) Scott Dobesh; 12) Jeffrey F. Cox; 13) Chip A. Rice and Linda S. Rice; 14) Richard Procter; 15) Elizabeth A. Manning; 16) Dean Welk; 17) Patrick Schmeichel; 18) Terry Alan Thornberg and Marci Marie Thornberg; 19) Charlotte Williams and Keith Williams; 20) Brian Wildeman and Becki Wildeman; 21) Jenifer M. Schmitz; 22) Joy C. Thompsen; 23) Joseph Conely and Dawn Conely; 24) Sylvia A. Gilbert and Kenneth E. Gilbert; and 25) William Determan.

Based on the foregoing, and all the files, records and proceedings herein,

    **IT IS HEREBY RECOMMENDED** that:

1) Defendants' Motion to Establish Attorneys' Fees [Docket No. 80] be **GRANTED** in part and **DENIED** in part as more fully explained above.


Dated: January 4, 2013                          s/Leo I. Brisbois
                                                          LEO I. BRISBOIS
                                                          United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 18, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.